Joseph Loftus, Appellee, v. Illinois Midland Coal Company, Appellant.

(Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

Statement of the Case.

Appeal from a judgment against the Illinois Midland Coal Company in favor of Joseph Loftus, for the sum of $10,000 for personal injuries alleged to have been sustained by appellee because of the wilful violation by appellant of clause b, section 21, of the Mines and Miners' Act (J. & A. ¶ 7489), requiring places of refuge on hauling roads or gangways in mines.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

There is no controversy about the facts. It was agreed on the trial in open court that there had been a violation of the statute. The facts disclosed are substantially the same as they appear on a former appeal of this case (181 Ill. App. 197). It is conceded by counsel for appellant that appellee at the time of the injury was acting within the scope of his employment. The principal contentions urged are that the lack of the places of refuge was not the proximate cause of the injury, errors in the admission of evidence, in the giving of instructions and that the damages are excessive.

It is also insisted that the places of refuge provided for by the statute then in force were not meant for the benefit of appellee, but for miners going in and out of the mine, so as to allow them to escape passing cars or trips. The appellee, a flagman in a mine, was injured by being unable to escape a car which he had just assisted placing on the track as he was directed to do by an assistant mine boss.

Error is assigned on the admission of evidence that the injury to the appellee's prostate gland would cause a lessening of tone, would impair vitality and vigor and affect the power of procreation also on an instruction given for appellee, that neither assumed risk nor contributory negligence was a defense, without defining these terms.

Brown, Hay & Creighton, for appellant; Mastin & Sherlock and Underwood & Smyser, of counsel.

Drennan & Lawler, for appellee.

Mr. Presiding Justice Eldredge delivered the opinion of the court.

## Abstract of the Decision.

1. Mines and minerals, § 91*—*when failure to provide place of refuge proximate cause of injury.* Where three juries have found that the proximate cause of a minor's injury was the failure of an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

employer to provide places of refuge in a mine as required by section 21b of the Mines and Miners' Act (J. & A. ¶ 7489), and the Appellate Court has held that it was a question for the jury, the question is *res adjudicata.*

2. MINES AND MINERALS, § 91*—*who within act requiring places of refuge.* A mine flagman is within the protection of section 21b of the Mines and Miners' Act (J. & A. ¶ 7489) relating to places of refuge on haulage roads or gangways in mines, where he was injured by being unable to escape from a car after he had assisted, as it was his duty to do, a driver in replacing it on the rails.

3. MINES AND MINERALS, § 91*—*evidence in action for injuries caused by failure to provide places of refuge.* In an action for injuries sustained by a miner by reason of the failure of the former to provide places of refuge in a mine as required by section 21b of the Mines and Miners' Act (J. & A. ¶ 7489), the defendant is not injured by the admission of evidence that at the time the plaintiff was injured he had gone to the assistance of a driver in replacing a derailed car, at the direction of an assistant mine boss, where the evidence showed that it was a part of the plaintiff's duties to do so.

4. APPEAL AND ERROR, § 1033*—*predicating error on matter not shown by record.* Error cannot be predicated on the alleged admission of evidence not shown by the abstract on appeal.

5. MINES AND MINERALS, § 187*—*when assumed risk and contributory negligence no defense to action for injuries.* An instruction in an action for injuries sustained by a miner by failure of his employer to provide places of refuge in a mine as required by section 21b of the Mines and Miners' Act (J. & A. ¶ 7489), that neither assumed risk nor contributory negligence was a defense, *held* not prejudicial to the defendant when such defenses were not made and issued by the pleadings or proof.

6. DAMAGES, § 110*—*when damages for injuries to miner not excessive.* A verdict for $10,000 for injuries sustained by a miner, *held* not excessive.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.